# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Sheryl Mintz Goski, Esq.
Law Offices of Sheryl Mintz Goski, PA
30 Columbia Turnpike, Suite 301
PO Box 479
Florham Park, NJ 07932
T: 973.520.8520
F: 973.629.1234
E: sgoski@goskilaw.com
SMG 7482
*Attorney for Plaintiff Hudson Trading Group, LLC*

Myron Greenspan, Esq.
Robert Golden, Esq.
Cathy Shore-Sirotin, Esq.
Lackenbach Siegel, LLP
1 Chase Road
Scarsdale, New York 10583
T: 914.723.4300
F: 914.723.4301
*Of Counsel for Plaintiff Hudson Trading Group, LLC*

| | | |
|---|---|---|
| HUDSON TRADING GROUP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| HUDSON EXPORTS, INC.; and | ) | |
| MANISH KESHWANI, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER EQUITABLE RELIEF FOR TRADEMARK INFRINGEMENT

Plaintiff, Hudson Trading Group, LLC ("Hudson"), by and through its counsel, and upon information and belief, avers the following for its Complaint against Hudson Exports, Inc.

("Defendant") and Manish Keshwani ("Keshwani"). (Defendant and Keshwani are sometimes collectively referred to as "Defendants").

## I. NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition, arising under the Federal Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§1051 et seq., and the statutes and common law of the State of New Jersey. Hudson seeks permanent injunctive relief as well as other equitable relief and compensatory and punitive damages arising from Defendants' willful, unlawful, intentional, unfair, and misleading conduct and unjust enrichment.

## II. THE PARTIES

2. Hudson is a limited liability company duly organized under the laws of New Jersey having principal place of business at 1237 Prospect Street, Suite K, La Jolla, California 92037 and correspondence address at 228 Park Avenue South, ECM#19870, New York, NY 10003.

3. Hudson is a full-service import and distribution company that supplies spices, seeds, herbs, vegetables, oleoresins and essential oils to manufacturers in the U.S. food industry.

4. Hudson also exports food products to other countries and conducts business in approximately 25 countries including Mexico, India and the Middle East.

5. Upon information and belief, Defendant is a corporation duly organized under the laws of New Jersey with an address at 62 Mayfield Ave, Edison, NJ 08837.

6. Upon information and belief, Keshwani, an individual, is a principal and President of Defendant Hudson Exports, Inc. and has a place of business at 62 Mayfield Ave, Edison, NJ 08837; and Keshwani dominates and controls Defendant's business activities, including the

business activities, hereinafter alleged. Moreover, Keshwani personally participated in the wrongful acts alleged herein by dominating and controlling the actions of Defendant.

7. Upon information and belief, Defendants conduct regular ongoing business in this judicial district and interstate relating to the wholesale export of Fast-Moving Consumer Goods ("FMCG") of both food and non-food products.

### III. JURISDICTION AND VENUE

8. This action arises under the Lanham Act, 15 U.S.C. §§1051 et seq. This Court has federal question jurisdiction in this matter, in that Plaintiff seeks injunctive relief and damages against Defendants under the Lanham Act, 15 U.S.C. §1121; 28 U.S.C. §1338(a) and under 28 U.S. Code § 1332(a)(1), the matter in controversy exceeding $75,000.

9. This Court has pendent jurisdiction over any claims arising under state law in that such claims are asserted under the statutory or common law of the State of New Jersey, and flow from a common nucleus of operative facts.

10. Venue lies within this Court pursuant to 28 U.S.C. §1391(b) and (c) in that, among other things, Defendants are domiciled, maintain offices and facilities, do business and/or are subject to personal jurisdiction in this District, and a substantial part of the events, acts or omissions on which Plaintiff's claims are based occurred in this District.

### IV. FACTUAL ALLEGATIONS COMMON FOR ALL COUNTS

**A. Hudson's Marks**

11. Hudson was formed in 2007, and at least as early as January 1, 2007, began using the trade name and trademark "HUDSON TRADING GROUP" (the "Word mark") and adopted the composite mark "HUDSON" incorporated into and forming part of a bridge design or logo shown below (the "Hudson Bridge Logo"):



12. Hudson is the owner of the Hudson Bridge Logo, the word mark HUDSON TRADING GROUP (collectively, the "Hudson Marks"), and uses them in connection with importing, distributing, manufacturing, and selling various kinds of food products.

13. Hudson has continuously used the Hudson Marks since at least as early as January 1, 2007.

14. Hudson is the owner of federal trademark registrations, Reg. Nos. 5,580,995 and 5,580,996 issued by the United States Patent and Trademark Office on October 9, 2018 for the HUDSON TRADING GROUP mark as it relates to importing, distributing, and selling various kinds of food products.  (True copies of the Certificates of Registration are attached hereto respectively as Exhibit "A" and Exhibit "B").

15. Hudson is also the owner of federal trademark registrations, Reg. Nos. 5,601,455 and 5,601,459 issued by the PTO on November 6, 2018 for the Hudson Bridge Logo mark as it relates to importing, distributing, and selling various kinds of food products.  (True copies of the Certificates of Registration are attached hereto respectively as Exhibit "C" and Exhibit "D").

**B.  Defendants' Unlawful Activities**

16. Defendant was incorporated in 2012, and began using the name "Hudson Exports" and adopted the logo shown below (the "Export Bridge Logo"):



17. Defendants are violating Hudson's rights in the Hudson Marks by using the Export Bridge Logo and the word mark HUDSON (the "Infringing Marks") in connection with its offering of certain sourcing and distributing food products and services.

18. Defendants have also conducted business at times using the Infringing Marks at the website www.hudsonexports.com.

19. Hudson's combination of the "Hudson" word intertwined with the bridge graphic element creates a striking similarity between the Infringing Marks and the Hudson Marks.

20. The registered trademark HUDSON TRADING GROUP conveys the commercial impression that Hudson is a trading company operating under the mark HUDSON.

21. Defendant's name and logo HUDSON EXPORTS also conveys that Defendant is a trading company operating under the name HUDSON.

22. Trading companies are generally understood to be middlemen that buy and sell goods without being manufacturers, and are generally understood to be organized to carry on commerce with foreign nations and specialize in all export and import operations and procedures.  Trading companies generally buy products in one country and sell them in different countries where they typically have their own distribution network.  As such both Hudson and Defendant would be understood as being trading companies that buy and sell goods.

23. Upon information and belief Defendant has exhibited under its HUDSON EXPORT and bridge logo at the Gulf Food Show in Dubai, the largest show of this type where

approximately 100,000 exhibitors and attendees participate, many of which are customers who know of and/or do business with HUDSON.

24. On or about August 1, 2017, counsel for Hudson wrote to Keshwani and advised Defendants that they were infringing on the Hudson Marks. Hudson demanded that Defendants cease and desist from such infringing activity in the future. (A true and correct copy of the letter is attached hereto as Exhibit "E").

25. Counsel for Defendants and Hudson then entered into a series of discussions regarding the parties' respective rights. Counsel for Hudson offered certain reasonable terms and conditions to amicably resolve the dispute at that time, but Defendants would not accept and instead elected to waste the time and resources of the parties and this Honorable Court by forcing Hudson to file the instant lawsuit.

26. Defendants' use of the Infringing Marks including the term HUDSON, bridge logo and allusion to being a trading company, is likely to cause confusion in the marketplace that Defendants' products and services originate, are sponsored by, or are otherwise affiliated with Hudson because of the similarity of the marks used by Hudson and Defendants.

27. As of the filing of this Complaint, Defendants continue to use the name Hudson Exports and the Export Bridge Logo and market their products and services on a domestic and international basis at trade shows, through the Internet and by direct calls to many companies engaged in trade and manufacture of food products.

28. Unless the relief requested herein by Hudson is granted, Hudson will suffer further serious, immediate, and irreparable harm, including, but not limited to, customer confusion, and loss of goodwill.

29. On information and belief, and as discovery may reveal, Defendants knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar name and logo to

that of Hudson to gain the benefit of Hudson's reputation in the marketplace and goodwill developed over at least five (5) years in the food services industry prior to Defendant's existence.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

30. Hudson repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully stated herein.

31. Defendants' use of a confusingly similar imitation of Hudson's Bridge Logo while utilizing the name "HUDSON" is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are distributed and/or services being offered are by Hudson, or are associated or connected with Hudson.

32. Defendant's Infringing Mark is confusingly similar to Hudson's federally registered marks in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Hudson's goodwill and reputation, for which Hudson has no adequate remedy at law.

33. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Hudson's Marks to Hudson's great and irreparable harm.

34. Defendants caused and are likely to continue causing substantial injury to the public and to Hudson, and Hudson is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. § 1114, 1116, and 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION

35. Hudson repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully stated herein.

36. Defendants' use of the Infringing Marks is likely to cause confusion, mistake, deception as to affiliation, and are likely to create the false, misleading, and erroneous impression that the products and services offered by Defendants originate with Hudson, or are affiliated with, connected to, associated with, sponsored by, or approved by Hudson.

37. Said use of the Infringing Mark by Defendants constitutes a false designation of origin in violation of 15 U.S.C. §1125(a).

38. Upon information and belief, Defendants have, with knowledge of the falsity of the designations of origin, descriptions, and/or representations used in connection with the sale of the Defendants' products and services, caused them to be advertised, offered, and sold in interstate commerce to the immediate and irreparable damage of Hudson and the public in violation of 15 U.S.C. §1125(a).

39. As a proximate result of Defendants' acts and omissions, Hudson has been deprived of the value of the Hudson Mark as a commercial asset, including but not limited to lost revenue, in an amount in excess of $75,000.00 by misleading the public that Defendants are associated with Hudson and using Hudson's good will to obtain a proverbial "toehold" into numerous big companies that know Hudson and are actual or potential customers of Hudson.

40. The acts and omissions of Defendants were knowingly undertaken notwithstanding Hudson's well-known and prior established rights in the Hudson Marks, with both actual and constructive notice of Hudson's rights.

41. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Hudson's Marks to the great and irreparable injury of Hudson.

42. As a direct and proximate result of these acts, Hudson has suffered and will continue to suffer severe injuries and damages, which cannot be reasonably or adequately measured or compensated by money damages.

43. Unless and until preliminarily and permanently enjoined by this Court, the acts of Defendants complained of herein will continue unabated, all to the continuing irreparable injury, damage, and detriment of Hudson, for which Hudson has no adequate remedy at law.

## COUNT III
### UNFAIR COMPETITION PURSUANT TO N.J.S.A. 56:4-1

44. Hudson repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully stated herein.

45. The actions of Defendants as stated herein above constitute unfair competition under New Jersey law, N.J.S.A. 56:4-1, and violation of Hudson's rights therein.

46. As a proximate result of Defendants' unfair competition with Hudson from the use of the Hudson Marks, Hudson is entitled to relief in the form of damages and injunctive relief on that basis as well, as already more specifically alleged above.

## COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT

47. Hudson repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully stated herein.

48. The actions of Defendants as stated herein above constitute infringement of Hudson's common law trademark rights in the Hudson Marks and violation of Hudson's rights therein.

49. As a proximate result of Defendants' infringement of the common law rights of Hudson in the Hudson Marks, Hudson is entitled to relief in the form of damages and injunctive relief on that basis as well, as already more specifically alleged above.

**PRAYER FOR RELIEF**

WHEREFORE, Hudson prays:

(a) that this Court grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from directly or indirectly using the Hudson Marks or any other marks, words, or names similar thereto which are likely to cause confusion, mistake, or to deceive;

(b) that this Court grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Hudson's business reputation or to dilute the distinctive quality of the Hudson Marks;

(c) that this Court order pursuant to 15 U.S.C. § 1118, that all products, labels, signs, prints, pamphlets, wrappers, banners, advertisements, goods, Web icons, and counterfeits or colorable imitations in the possession of Defendants and its agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them bearing the Hudson Marks and/or any other mark confusingly similar to the Hudson Marks be delivered to Hudson and/or destroyed as the Court shall direct;

(d) that this Court order pursuant to 15 U.S.C § 1118, that all registrations for any domain names, social media identifiers, hash tags, or other similar trade designations which include the term HUDSON or the HUDSON BRIDGE logo or equivalents thereof in the

10

possession and/or owned by Defendants, its agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them be immediately cancelled with such proof of cancellation being provided as the Court shall direct;

(e) that this Court order pursuant to 15 U.S.C. § 1117(a) that Defendants be required to account to and pay Hudson for any and all profits derived from the sale of any products bearing the Hudson Marks (determined by forensic accounting) and/or any other mark confusingly similar to the Hudson Marks and for all damages sustained by Hudson by reason of said acts of infringement and unfair competition complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b) and N.J.S.A. 56:4-1 as a result of Defendant's willful violations of 15 U.S.C. § 1114(1)(a) and N.J.S.A. 56:4-1, in an amount to be determined at trial;

(f) that by reason of Defendant's intentional and willful conduct, and to deter such conduct in the future, that the Court award exemplary and punitive damages against Defendants and in favor of Hudson;

(g) that the costs of this action, together with reasonable attorney's fees, be awarded to Hudson pursuant to 15 U.S.C. § 1117(a) and the statute statutes cited herein;

(h) Hudson be awarded prejudgment and post-judgment interest on all monetary awards, and

(i) Hudson be granted such further relief as the Court shall deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Hudson hereby demands a trial by jury for all issues triable by a jury.

                                    Respectfully submitted,

Dated: January 24 2019          s/Sheryl Mintz Goski
                                    Sheryl Mintz Goski, Esq.
                                    Law Offices of Sheryl Mintz Goski, PA
                                    30 Columbia Turnpike, Suite 301
                                    PO Box 479
                                    Florham Park, NJ 07932
                                    *Attorney for Plaintiff,*
                                    *Hudson Trading Group, LLC*


                                    LACKENBACH SIEGEL, LLP

                               By: s/ Myron Greenspan
                                    Myron Greenspan
                                    Robert Golden
                                    Cathy Shore-Sirotin
                                    1 Chase Road
                                    Penthouse Suite
                                    Scarsdale, New York 10583
                                    (914) 723-4668
                                    mgreenspan@lsllp.com

                               *Of Counsel for Plaintiff,*
                               *Hudson Trading Group, LLC*